﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190812-40510
DATE: May 29, 2020

REMANDED

Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and other specified trauma and stressor related disorder is remanded.

REASONS FOR REMAND

The Veteran had active service from August 1974 to August 1978.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In August 2019, the Veteran disagreed with the above-noted rating decision and filed a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement). He selected the Evidence Review lane by submitting a notice of disagreement under the Appeals Modernization Act (AMA). 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)).

The Board finds that the matter on appeal must be remanded to ensure that the Veteran is accorded full compliance with the statutory duty to assist.

A review of the evidence reflects a private examination report dated in December 2016 by psychologist Wende Anderson which shows a diagnosis of other specified trauma and stressor-related disorder with subclinical symptoms of PTSD. 

The Board notes that the Veteran submitted a VA Form 21-0781, Statement in Support of Claim for PTSD, and related three separate stressor statements in support of his PTSD claim. Specifically, he has contended that he was involved in the recovery of a dead soldier in his unit after he was run over by a bulldozer in Okinowa, Japan; was required to identify the remains of a fellow soldier who had driven a forklift off a pier at Camp LeJeune; and witnessed a soldier struck by a steel cable and used his belt a tourniquet due to the soldier’s injury while stationed in Puerto Rico. See June 2018 VA Form 21-0781.

In June 2018, the RO notified the Veteran that information he provided was insufficient to verify the stressful events described by the Veteran. The RO, however, did not identify what additional information regarding an event described by the Veteran that occurred while he was stationed in Puerto Rico was necessary for development. In April 2019, the RO submitted two of the three stressors described by the Veteran to the Commander Naval Safety Center. An August 28, 2018 response from the USMC Marine Corps University indicated that investigation information could be located on the Jag.Navy.mil website. A request was made to the Commander Naval Safety Center in April 2019 and a May 11, 2019 response suggested that the RO contact USMC FOIA office. In May 2019, the RO notified the Veteran of the steps taken to verify his stressors. The record does not reflect that the resources identified by the above development letters were used in order to verify the Veteran’s stressors. 

The Board finally notes that the December 2016 private psychiatric evaluation did not contain an opinion as to whether the Veteran’s diagnosed psychiatric disorder was related to service. While entitlement to service connection for PTSD requires verification of a claimed stressor, entitlement to service connection for a psychiatric disorder other than PTSD does not require verification of a claimed stressor. Therefore, based upon the Veteran’s diagnosis of other specified trauma and stressor-related disorder, he must still be provided a VA mental health examination to determine whether any psychiatric disorders, other than PTSD if the stressor is not verified, are due to his active duty service.

Therefore, the Board finds that a remand is necessary to comply with the duty to assist. 

The matters are REMANDED for the following action:

1. If the RO determines any further information is necessary to research the Veteran’s claimed stressors, then send a letter identifying what further information is necessary and request that he provide the additional information regarding his claimed stressors in service. The letter should include a VA Form 21-0781, Statement in Support of Claim for Service Connection for PTSD, to be completed and returned by the Veteran.

2. Upon receipt of the aforementioned VA Form 21-0781 (or other appropriate PTSD development letter), or after a reasonable amount of time has passed without response, if it is determined that sufficient details have been provided so as to warrant an attempt to verify the Veteran’s stressors, attempt to verify the in-service stressor(s) through the USMC FOIA office at Headquarters, U.S. Marine Corps (HQMC). Attn: FOIA/PA Section (ARSF), 3000 Marine Corps Pentagon, Room 2B289, Washington DC 20350-3000 and through the Jag.Navy.mil website or other appropriate source(s), following the procedures set forth in 38 C.F.R. § 3.159.

If the RO determines that the Veteran’s claimed stressors cannot be verified, a memorandum regarding the inability to do so must be prepared and associated with the evidentiary record and the Veteran notified of the unavailability of any such records and given a chance to provide any documentation supporting the claimed stressors.

3. After the Veteran’s reported stressors have been developed to the fullest extent possible, and any outstanding pertinent record has been associated with the claims file, schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any diagnosed psychiatric disorder. The electronic claims folder, including a copy of this remand, should be made available to the examiner, and the examiner must review the entire claims file in conjunction with the examination. The examiner should respond to the following:

a) The examiner should identify all diagnosed psychiatric disorders, including but not limited to other specified trauma and stressor-related disorder and PTSD. 

b) For each identified psychiatric disability state whether it is at least as likely as not (50 percent or greater probability) that it was incurred in or is related to the Veteran’s time in service.

 

A discussion of the underlying reasons for all opinions expressed must be included in the examiner’s report, to include reference to pertinent evidence of record and medical literature or treatises where appropriate.

 

 

MARTHA R. LUBOCH

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board John M. Middleton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.